**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4278**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CRAIG DUSHAW HINES,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Richard D. Bennett, District Judge.  (CR-03-280-RDB)

Submitted:  June 10, 2005        Decided:  July 13, 2005

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy J. Sullivan, SULLIVAN & SULLIVAN, College Park, Maryland, for Appellant.  Thomas M. DiBiagio, United States Attorney, Chan Park, Barbara S. Skalla, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Craig Dushaw Hines ("Hines") appeals his conviction and sentence, following the district court's denial of a motion to suppress, for conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371 (2000); attempted bank robbery, in violation of 18 U.S.C. § 2113(a), (d), (f) (2000); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2000); and for being a felon in possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(g)(1) (2000).

Hines first appeals the denial of his motion to suppress evidence obtained as a result of his arrest, asserting that his arrest occurred without lawful authority since it was made by Montgomery County detectives operating in Prince George's County, acting alone, without a warrant, and in absence of an emergency. This Court reviews the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

Maryland law provides that a police officer may make arrests and conduct investigations in a foreign jurisdiction in

Maryland only when the officer is (1) participating in a joint investigation with at least one officer who has local jurisdiction, (2) rendering assistance to another officer, (3) acting at the request of a state police officer, or (4) if an emergency exists. See Md. Crim. Pro. Code Ann. § 2-102(b)(3) (2004 Supp.). Based on the applicable law, and construing the evidence in the light most favorable to the Government, we find that the district court did not err when it denied Hines' motion to suppress.

Hines next argues that the evidence was insufficient to support the "substantial step" element required for an attempted bank robbery conviction. To determine if there was sufficient evidence to support a conviction, this Court considers whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), cert. denied, 124 S. Ct. 2906 (2004). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). The Court reviews both direct and circumstantial evidence and permits "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought

to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Furthermore, this Court applies a two-part test to determine if a person is guilty of attempting to commit a crime. United States v. McFadden, 739 F.2d 149, 152 (1980). First, the defendant must have acted with the kind of culpability otherwise required for the commission of a crime. Id. Second, the defendant must have engaged in the kind of conduct that constitutes a substantial step toward committing that crime. Based on our careful review of the record, we find that the evidence was sufficient to prove that Hines intended to commit bank robbery, that he had taken a "substantial step" in furtherance of his plan, and, in fact, was executing the plan at the time of his arrest.

Hines next asserts that the evidence was also insufficient to support the element of "in furtherance of a crime of violence" that was required for his § 924(c) conviction. In reviewing claims of sufficiency of the evidence, "[t]he relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." Tresvant, 677 F.2d at 1021. Hines argues that the evidence was insufficient to demonstrate that he "actively used or carried" a firearm "in furtherance of" a crime of violence. Hines'

conviction, however, was under the "possessed in furtherance" prong and not the "use" or "carry" prongs of § 924(c), thus, whether Hines used or carried the firearm is irrelevant. Nevertheless, even assessing Hines' actions under the "possessed in furtherance prong," his argument is without merit. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (construing the "in furtherance of" provision of § 924(c) to require "the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime").

Hines also contends that the district court erred as a matter of law in concluding that he was a career offender. In 1994, Hines was convicted of two separate bank robberies that he committed in 1993. Based on these convictions, the district court found that Hines was a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2002). The sole issue before the Court in connection with Hines' career offender status is whether the district court erred in finding that the two bank robberies were separate offenses for sentencing purposes, and not part of a common scheme or plan. See USSG § 4A1.2, cmt. (n.3).

The defendant has the burden of proving the existence of a common scheme. United States v. Joy, 192 F.3d 761, 771 (7th Cir. 1999); United States v. Cowart, 90 F.3d 154, 159 (6th Cir. 1996). The relevant factors in deciding whether offenses are part of a single common scheme or plan are whether the crimes: (1) were

committed within a short period of time; (2) were committed in close geographic proximity; (3) involved the same substantive offense; (4) were directed at a common victim; (5) were solved during the course of a single criminal investigation; (6) shared a similar modus operandi; (7) were animated by the same motive; and (8) were tried and sentenced separately only because of an accident of geography. United States v. Breckenridge, 93 F.3d 132, 138 (4th Cir. 1996) (citations omitted). Not all of these factors must be present for there to be a common scheme or plan, nor does the presence of a few of them require that finding. Id. We find that Hines has failed to meet his burden.

Finally, Hines asserts that under the Supreme Court's decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), the district court imposed an unconstitutional sentence by finding that he was a career offender predicated on prior convictions that were not alleged in the indictment or found by the jury. In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to

a jury, and proved beyond a reasonable doubt." In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court reaffirmed its holding in <u>Apprendi</u>. <u>See</u> <u>Booker</u>, 125 S. Ct. at 756 ("[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

However, this Court has stated that not all facts relating to prior convictions fall within the <u>Apprendi</u> exception framework. In <u>United States v. Washington</u>, 404 F.3d 834, 842 (4th Cir. 2005), this Court, applying the Supreme Court's decision in <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005), held that relying on facts outside the indictment in order to conclude a prior conviction for burglary was a crime of violence that enhanced the defendant's offense level was plain error. Hines' case is distinguishable, however, because the court's determination was based on the plea agreement and statement of facts relative to those convictions. We therefore find that the district court's findings were not improper in light of <u>Shepard</u>, 125 S. Ct. at 1263 (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record) or <u>Washington</u>, 404 F.3d at 842 n.10

- 7 -

(noting that the Government's representations as to the disputed facts were not specified in the charging and plea documents).

Accordingly, we affirm Hines' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED